IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PROVEN NETWORKS, LLC, SONICWALL INC. <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., AMAZON WEB SERVICES, INC., DELL TECHNOLOGIES, INC., DELL, INC., EMC CORPORATION, ARISTA NETWORKS, INC., SOLARWINDS CORP., NETAPP, INC., ARUBA NETWORKS, INC., HEWLETT PACKARD ENTERPRISE COMPANY, CISCO SYSTEMS, INC., <br><br> Defendants. | CASE NO: 6:20-MC-02959-ADA |
| PROVEN NETWORKS, LLC., <br><br> Plaintiff, <br> v. <br> SOLARWINDS CORP., <br><br> Defendant. | Case No. 6:20-CV-00338-ADA |

**DEFENDANT SOLARWINDS CORP.'S UNOPPOSED MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

**TABLE OF CONTENTS**

Page No.

INTRODUCTION ................................................................................................................. 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT ........................................................................................................................ 3

I.     LEGAL STANDARD ................................................................................................ 3

II.    THIS CASE SHOULD BE TRANSFERRED TO THE AUSTIN DIVISION. .................. 5

      A.     Proven Networks Could Have Filed This Case in Austin ...................................... 5

      B.     The Austin Division Is Clearly More Convenient Than the Waco Division. .......... 5

          1.     Factors Favoring Transfer ................................................................... 5

               a)     Access to Sources of Proof Is Easier In the Austin Division .......... 5

               b)     The Cost of Attendance for Willing Witnesses Is Less
                     in the Austin Division.. ...................................................................... 6

               c)     Local Interests Favor Transfer to Austin. ...................................... 7

          2.     The Remaining Factors Are Neutral. ........................................................... 8

CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

Page No(s).

**Cases**

*Auto-Dril, Inc. v. Pason Sys. USA Corp.*,
   No. 6:15-CV-00093, 2015 WL 12780779 (W.D. Tex. June 29, 2015) ..................................8

*Cadle Co. v. Keyser*,
   No. 14-CV-00758, 2015 WL 764256 (W.D. Tex. Feb. 23, 2015)............................................1

*Datascape, Ltd v. Dell Techs.*,
   No. 19-CV-00129-ADA, ECF No. 44 (W.D. Tex. June 7, 2019) .....................................1, 4, 8

*Eastep v. City of Odessa*,
   No. 17-CV-00059, 2017 WL 2537358 (W.D. Tex. June 12, 2017) .........................................1

*Frac Shack Inc. v. Alaska Fuel Distribs. Inc.*,
   No. 18-CV-00660, ECF No. 28 (W.D. Tex. Jan. 29, 2019) .......................................................1

*Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*,
   No. 6:19-CV-00355-ADA, 2020 WL 6136783 (W.D. Tex. Mar. 30, 2020).................1, 4, 6, 7

*McCloud v. McClinton Energy Grp., L.L.C.*,
   No. 14-CV-00620, 2014 WL 6388417 (W.D. Tex. Nov. 14, 2014).........................................1

*Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*,
   No. 14-CV-00464, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014)...........................1, 5, 6, 7

*Proven Networks, LLC v. SolarWinds Corp.*,
   No. 6:20-cv-003338 ...................................................................................................................2

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir. 2013) .................................................................................................4, 5

*In re Volkswagen of Am. Inc.*,
   545 F.3d 304 (5th Cir. 2008) ......................................................................................................4

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................................1, 4, 5

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)(B)(ii).........................................................................................................8

Pursuant to 28 U.S.C. § 1404(a), SolarWinds Corp. ("SolarWinds") moves this Court for an intra-district transfer of this action to the Austin Division. Plaintiff does not oppose.

**INTRODUCTION**

Plaintiff Proven Networks, LLC ("Proven") and Defendant SolarWinds have no meaningful connection to the Waco Division. SolarWinds does, however, have a significant presence in Austin, Texas, where it is headquartered. Accordingly, SolarWinds requests this case remain in the Western District of Texas but be transferred to the Austin Division.

Courts in this district have frequently transferred cases within the Western District of Texas when a case had little or no connection to the initial forum and the majority of the events and witnesses are located elsewhere in the district. *See, e.g.*, *Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*, No. 6:19-CV-00355-ADA, 2020 WL 6136783 (W.D. Tex. Mar. 30, 2020); *Datascape, Ltd v. Dell Techs.*, No. 19-CV-00129-ADA, ECF No. 44 (W.D. Tex. June 7, 2019) (citing *In re Radmax, Ltd.*, 720 F.3d 285, 288-90 (5th Cir. 2013)); *see also*, *Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*, No. 14-CV-00464, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014); *Frac Shack Inc. v. Alaska Fuel Distribs. Inc.*, No. 18-CV-00660, ECF No. 28 (W.D. Tex. Jan. 29, 2019); *McCloud v. McClinton Energy Grp., L.L.C.*, No. 14-CV-00620, 2014 WL 6388417 (W.D. Tex. Nov. 14, 2014); *Eastep v. City of Odessa*, No. 17-CV-00059, 2017 WL 2537358 (W.D. Tex. June 12, 2017); *Cadle Co. v. Keyser*, No. 14-CV-00758, 2015 WL 764256 (W.D. Tex. Feb. 23, 2015).

The Austin Division is clearly a more convenient forum for this case than Waco, to which neither SolarWinds nor Proven has any relevant connection. The Court should therefore transfer this case to Austin for the convenience of the parties and witnesses.

**STATEMENT OF FACTS**

Proven alleges that SolarWinds's use of deep packet inspection (DPI) functionality in products such as SolarWinds's Network Performance Monitor Solution (NPM) infringes United States Patent No. 8,165,024 (the "'024 Patent" or the "Asserted Patent"). Compl. ¶¶ 1, 4, 12, ECF No. 1 ("Compl."), *Proven Networks, LLC v. SolarWinds Corp.*, No. 6:20-cv-003338. Proven filed its complaint in Waco, alleging that venue is proper in the Western District of Texas because SolarWinds maintains its principal place of business in Austin. *Id.* ¶ 9.

SolarWinds is a developer of enterprise IT infrastructure management software for IT professionals and is headquartered in Austin, Texas. Ex. A, Declaration of Tim Danner ("Danner Decl.") ¶¶ 3-4. The DPI functionality accused in this case was released as a module to the NPM product in 2014. *Id.* ¶ 8. In 2015, SolarWinds incorporated the functionality into the NPM product. *Id.* SolarWinds developed and maintains the software underpinning the NPM product. *Id.* ¶ 6. The NPM product is a network monitoring software product that enables IT professionals to quickly detect, diagnose, and resolve network performance problems and outages. *Id.* ¶ 9. Among other things, SolarWinds's NPM product provides users the ability to monitor network devices, interface availabilities, and performance indicators, such as bandwidth utilization, packet loss, latency, and other technical errors. *Id.* The NPM product allows users to get an at-a-glance summary of network and application performance metrics so that the user can identify reduction or changes in performance and act accordingly. *Id.*

The NPM product, like all of SolarWinds's software products, is distributed online through SolarWinds's publicly accessible website, www.solarwinds.com. *Id.* ¶ 10. Through distribution on SolarWinds's website, the NPM product can be downloaded and used by any IT

professional in the United States. *Id*. The SolarWinds website through which it is distributed is maintained from Austin, Texas. *Id*.

SolarWinds has no offices or operations in the Waco Division of the Western District of Texas. *Id*. ¶ 11. SolarWinds is not aware of any documents or evidence relevant to this case that are in the Waco Division. *Id*. SolarWinds is not aware of any witness that it expects to depose that would be in this Division. *Id*.

Persons knowledgeable about the accused functionality will be SolarWinds employees located in Austin, Texas. *Id*. ¶ 12. For example, SolarWinds's NPM design team, product teams, and engineering executives are in Austin. *Id*. To the extent SolarWinds is in possession of relevant evidence, such evidence would thus be found in its Austin-based headquarters. *Id*. Similarly, to the extent any witnesses from SolarWinds are called to testify, they would also be found in Austin. *Id*. ¶ 13. For example, technical witnesses would likely include Tim Danner and Lee McClendon, who are involved in DPI and NPM development, and Darren Beck, who is involved in the continual development of SolarWinds's website (i.e., SolarWinds's distribution platform). *Id*. These witnesses work in Austin, Texas and reside nearby. *Id*.

Like SolarWinds, Proven does not appear to have any relevant connection to the Waco Division. Proven alleges that it is organized under the laws of California and does not allege that it has any presence in Texas or that it operates anywhere in Texas—including in Waco or in Austin. *See* Compl. ¶ 5. Proven's place of business is in Los Angeles, California. Ex. B, Declaration of Austin Schnell ("Schnell Decl.") ¶¶ 2-4.

**ARGUMENT**

I.    **LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or ***division*** where it might have been brought."

28 U.S.C. § 1404(a) (emphasis added). As the Fifth Circuit held in *Radmax*, the § 1404(a) analysis applies not only when a defendant seeks transfer to another judicial district, but also when a defendant seeks transfer to another division within the same district. 720 F.3d at 288 (5th Cir. 2013).

In determining whether transfer is appropriate under § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). If so, courts weigh the relative convenience of the venue based on: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Radmax,* 720 F.3d at 288 (citing *Volkswagen*, 545 F.3d at 315).

In *Radmax*, the Fifth Circuit ordered an intra-district transfer because the "facts and circumstances of [the] case [were] wholly grounded in the transferee forum" and the "case [had] no connection to the [transferor forum]" after it found that three factors supported the transfer and the remaining five factors were neutral. *Id*. at 290. Similarly, in *Hammond*, this Court ordered an intra-district transfer from Waco to Austin when access to sources of proof was relatively easier in Austin, no employees of the defendant were located in the Waco division, and other factors either favored transfer or were neutral. 2020 WL 6136783 at *2-6; *see also Datascape*, No. 6:19-CV-00129-ADA, slip op. at 3-6 (same).

## II. THIS CASE SHOULD BE TRANSFERRED TO THE AUSTIN DIVISION.

### A. Proven Could Have Filed This Case in Austin.

The first question under § 1404(a) is whether the destination venue would have been a proper venue for the filing of the lawsuit. Because SolarWinds has its principal place of business has in Austin and, for purposes of this case only, admit that venue is proper in the Western District of Texas, this case could have been brought in the Austin Division. *See Mimedx*, 2014 WL 12479284, at *1.

### B. The Austin Division Is Clearly More Convenient Than the Waco Division.

The relevant factors show that Austin is clearly more convenient than Waco. Three factors favor transfer, five are neutral, and none support remaining in Waco. Transfer is therefore warranted. *See Radmax*, 720 F.3d at 290 (compelling intra-district transfer where three factors supported transfer and five were neutral); *Mimedx*, 2014 WL 12479284, at *3 (ordering transfer where four factors favored transfer, four were neutral, and none favored the original venue).

#### 1. Factors Favoring Transfer

##### a) Access to Sources of Proof Is Easier In the Austin Division.

SolarWinds's relevant documents and physical evidence in the Western District of Texas are in Austin. Danner Decl. ¶¶ 11-12. Courts have recognized that in "patent infringement cases, 'the bulk of the relevant evidence usually comes from the accused infringer.... Consequently, the place where the defendant's documents are kept weigh[s] in favor of transfer to that location." *Mimedx*, 2014 WL 12479284, at *2 (quoting *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009)). SolarWinds has no offices or operations in the Waco Division of the Western District of Texas. Danner Decl. ¶ 11. SolarWinds is not aware of any documents, evidence, or

witnesses relevant to this case that are in the Waco Division. *Id*. In short, SolarWinds has no meaningful connection to the Waco division.

SolarWinds does have a significant connection to the Austin division because its headquarters and principal place of business is in Austin. *Id*. ¶ 3. For example, SolarWinds's NPM design team, product teams, and engineering executives are in Austin. *Id*. ¶ 12. To the extent SolarWinds is in possession of relevant evidence, such evidence would thus be found in its Austin-based headquarters. *Id*. Any pertinent financial and marketing witnesses would also work at the company's Austin, Texas headquarters and reside nearby. *Id*. ¶ 14.

Proven does not allege that it has any connection to the Western District, or that it has any documents relevant documents here. Accordingly, this factor strongly supports transfer to the Austin Division.

### b) The Cost of Attendance for Willing Witnesses Is Less in the Austin Division.

The third factor "considers the cost of attendance of all willing witnesses." *Mimedx*, 2014 WL 12479284, at *2. This Court has acknowledged that "[t]he convenience of witnesses is the single most important factor in the transfer analysis." *See Hammond*, 2020 WL 6136783 at *3 (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). In *Hammond*, this Court found this factor favored an intra-district transfer when the defendants' witnesses with relevant knowledge worked in and resided near Austin, Texas, and the plaintiff's witnesses were located outside of the Western District. *Id*. at *3-4. The Court noted that all the Amazon defendants' witnesses would need to travel for trial and pay for lodging if the trial were in Waco, but not if the trial were in Austin. *Id*. at *4. Even though the costs for plaintiff's witnesses may have been lower in Waco, on balance the Court found this factor favored defendants because there were

"likely significantly more [defendant] witnesses than [plaintiff] witnesses who could "stay in their Austin homes" if transferred to the Austin Division. *Id*.

Here, as in *Hammond*, persons knowledgeable about the accused functionality are SolarWinds employees located in Austin, Texas. Danner Decl. ¶ 12. This includes technical witnesses, witnesses who maintain the website through which the accused product is distributed, and any pertinent financial or marketing witnesses. *Id*. ¶¶ 12-14. And like the defendants' witnesses in *Hammond*, trial in Austin would significantly reduce or even eliminate SolarWinds's lodging expenses that would otherwise be incurred if trial were in Waco. *Id*. ¶ 15. Austin is clearly more convenient for SolarWinds witnesses. *Id*.

To the extent there are Proven witnesses whose inconvenience might be increased if trial were held in Austin, that inconvenience should be discounted because, as this Court has observed, in "patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *Mimedx*, 2014 WL 12479284, at *2 (quoting *Nintendo*, 589 F.3d at 1199). Although the identity and exact number of witnesses likely to be presented at trial cannot be determined at this early stage of the case, it is reasonable to assume that the number of witnesses will be greater for SolarWinds than for Proven, just as this Court did in *Hammond*. *See* 2020 WL 6136783 at *4. Accordingly, a transfer to Austin will decrease the collective overall cost and inconvenience to the parties because there are likely to be more relevant documents and witnesses produced by SolarWinds.

                **c)**       **Local Interests Favor Transfer to Austin.**

Austin also has a considerable interest in deciding this case. SolarWinds is headquartered in Austin and has numerous employees there. *See* Danner Decl. ¶¶ 12-14. Austin therefore has substantially more interest and connection to the outcome of this litigation than Waco, where no party has a presence. *Mimedx*, 2014 WL 12479284, at *3 ("Defendants and their employees are

local to the San Antonio area. The ultimate outcome of this suit likely affects local San Antonio interests more acutely than local Austin interests."); *Datascape*, No. 19-CV-00129-ADA, slip op. at 5-6 (local interest favors transfer from Waco to Austin when "outcome of the instant action likely affects local Austin interests more acutely than local Waco interests.").

### 2. The Remaining Factors Are Neutral.

The remaining factors are neutral. SolarWinds is unaware of any third-party witnesses unwilling to attend trial. "However, courts, including courts within this district, have found this factor to be neutral 'where the parties have not alleged that non-party witnesses are unwilling to testify.'" *Auto-Dril, Inc. v. Pason Sys. USA Corp.*, No. 6:15-CV-00093, 2015 WL 12780779, at *3 (W.D. Tex. June 29, 2015). Even if there were a witness who could not be persuaded to attend trial voluntarily, a non-party witness may still be compelled to travel to Austin so long as they are not subject to "substantial expense." Fed. R. Civ. P. 45(c)(1)(B)(ii).

This case would remain part of the multidistrict litigation even if transferred to Austin for trial. Because the parties do not seek reassignment to another judge, there is no dispute that both divisions are equally familiar with the patent laws, are subject to the same local rules, and apply Fifth Circuit law, and there are no concerns with other practical considerations because the case would remain consolidated for pretrial purposes. These factors are therefore also neutral.

### CONCLUSION

This case has no ties to Waco. All the private and public factors either favor transfer to Austin, or are neutral. Accordingly, the Court should transfer this case to Austin.

December 4, 2020                    Respectfully submitted,

By: */s/ Brian C. Nash*
Brian C. Nash (TX Bar No. 24051103)
brian.nash@pillsburylaw.com
Edward A. Cavazos (TX Bar No. 00787223)
ed.cavazos@pillsburylaw.com
Austin M. Schnell (TX Bar No. 24095985)
austin.schnell@pillsburylaw.com
401 Congress Avenue, Suite 1700
Austin, Texas 78701
Telephone: (512) 580-9629
Facsimile: (512) 580-9601

***Attorney for Defendant SolarWinds Corp.***

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule CV-7(i), counsel for the parties conferred on December 1, 2020 regarding the subject matter of this motion and counsel for Plaintiff indicated that Plaintiff is opposed to the motion.

*/s/ Brian C. Nash*
Brian C. Nash

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on December 4, 2020.

*/s/ Brian C. Nash*
Brian C. Nash